**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES TREADWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-133-NAB |
| | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff James Treadway's civil complaint and motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will dismiss this case for want of jurisdiction.

**Legal Standard**

If this Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). Additionally, this Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint against the Social Security Administration (also "SSA"). He invokes this Court's Federal Question jurisdiction. He identifies the basis of his claim as the "Child Support Recovery Act," but it is clear that his claim involves entitlement to receive a certain amount of monthly Social Security benefits. (ECF No. 1 at 3). Plaintiff alleges the SSA paid him benefits for three months, but "then transferred my payments to Disability so they can take my money for back child support [illegible] my worker's comp copy they ask for. Now they taken [*sic*] half of my income." *Id.* at 5. For his prayer for relief, plaintiff states he wants his "full paycheck back, and what they have taken from me since. . . . so I ask the Court to grant me my rights and have Social Security to pay me my money back and give me my full pay check." *Id.*

Plaintiff does not indicate he had an administrative hearing on this matter. Furthermore, plaintiff makes no attempt to contest the procedures or formula the SSA used to reach a determination or administer his benefits, nor does he seek a hearing or any other form of process. Instead, plaintiff claims he is entitled to receive a greater amount of monthly benefits, and he seeks an order from this Court directing the SSA to change the monthly amount it pays him and to issue him a benefits reimbursement.

**Discussion**

As the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving federal jurisdiction. *See Mitchael v. Colvin*, 809 F.3d 1050, 1053 (8th Cir. 2016) (citing *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010)). Here, plaintiff attempts to establish this Court's jurisdiction by citing the Child Support Recovery Act, an apparent reference to the Child Support Recovery Act of 1992 ("CSRA"), 18 U.S.C. § 228. However, the CSRA is a criminal statute that facilitates enforcement of unpaid interstate child support obligations. It neither confers civil jurisdiction over child support matters, nor implies a private right of action. It therefore provides no basis for this Court's subject matter jurisdiction.

It is apparent that plaintiff seeks to sue the SSA for illegally withholding monthly benefits. However, as an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), *United States v. Mitchell*, 463 U.S 206, 212 (1983). The existence of consent is a prerequisite for jurisdiction. *Id.* Plaintiff's complaint contains no facts to even arguably suggest that the SSA or one of its agents waived sovereign immunity. It therefore appears the SSA is immune from this litigation.

Plaintiff does not expressly cite the Social Security Act as the basis for his complaint. However, 42 U.S.C. § 405(g) is relevant here, and contains a limited waiver of the SSA's sovereign immunity. It specifically permits suits challenging final decisions of the Commissioner of Social Security in connection with social security eligibility and benefits determinations. 42 U.S.C. § 405(g); *see also Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016). Section 405(g) limits the jurisdiction of the federal district courts to "affirming, modifying, or reversing the [final] decision of the Commissioner." 42 U.S.C. § 405(g).

In this case, plaintiff neither submits nor references a final decision from an administrative law judge or the Appeals Council, and his complaint contains no allegations that can be construed as identifying any final decision of the Commissioner of Social Security that plaintiff seeks to challenge. Additionally, plaintiff's complaint contains no facts that would state a colorable constitutional claim. There is therefore no basis to conclude that this Court has jurisdiction over plaintiff's claims against the SSA concerning his monthly benefits. *See Grisso v. Apfel*, 219 F.3d 791, 793 (8th Cir. 2000) ("To the extent [the plaintiff's] mandamus petition sought reimbursement of benefits, we agree with the district court that it lacked jurisdiction to review such a claim absent exhaustion of administrative remedies"); *see also Armstrong v. Astrue*, 569 F. Supp. 2d 888, 898 (D. Minn. 2008) (dismissing claim challenging amount of monthly SSA benefits when plaintiff failed to submit final decision from ALJ or Appeals Council for federal district court's review).

Finally, to the extent plaintiff can be understood to assert a claim under the Federal Tort Claims Act ("FTCA"), such claim must be dismissed for the simple reason that the SSA cannot be sued under the FTCA. *See Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (federal agencies cannot be sued under the FTCA). Even if plaintiff had named the United States as the defendant, there is no indication he has complied with any of the necessary prerequisites for bringing a claim under the FTCA. *See Mader v. United States*, 654 F.3d 794, 808 (8th Cir. 2011). Plaintiff does not identify, nor is the Court aware, of any alternative jurisdictional basis for this action. Having thoroughly reviewed and liberally construed the complaint, the Court concludes it lacks subject matter jurisdiction, and will therefore dismiss this action at this time. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** for lack of subject matter jurisdiction. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of February, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE